MAHONEY, Respondent, vs. KURTH, imp., Appellant.

*March 15—April 11, 1916.*

*Fraudulent conveyances: Evidence: Mortgages: Foreclosure: Deficiency: Unconscionable judgment.*

1. A finding by the trial court that a conveyance by a mortgagor to his sister, after the commencement of a foreclosure action, of certain property not covered by the mortgage was without consideration and made with intent to defraud his creditors and particularly the mortgagee, is *held* to be sustained by the evidence.
2. Where mortgaged property was sold on foreclosure for less than the amount due and the mortgagee had judgment for a deficiency, the mere fact, found by the trial court, that at the time of the sale the property was of sufficient value to satisfy the mortgage and unpaid taxes does not show, in the absence of any evidence of overreaching or fraud on the part of the mortgagee, that a judgment afterwards obtained by him against a fraudulent transferee of other property of the mortgagor was unconscionable.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.    *Affirmed.*

On June 4, 1909, the plaintiff commenced an action for the foreclosure of a mortgage against the defendant Herman Kurth.    The property described in the mortgage was sold

and a judgment for deficiency rendered against the defendant Herman Kurth on March 31, 1911. On June 23, 1909, the defendant Herman Kurth conveyed certain real and personal property to his sister, *Paulina Kurth.* Execution was issued against Herman upon the deficiency judgment, and the sister, *Paulina,* was summoned in garnishment proceedings. Issue was joined upon the answer of the garnishee, and upon the trial the conveyance made by Herman to *Paulina* was adjudged to be void in fraud of creditors and plaintiff had judgment. The garnishee, *Paulina,* appeals therefrom.

For the appellant there were briefs by *William F. Schanen,* attorney, and *James D. Shaw,* of counsel, and oral argument by *Mr. Shaw.*

*Alfred Klingelhoefer,* for the respondent.

ROSENBERRY, J. The principal facts in the case are not in serious dispute. Appellant contends that at the time of the making of the conveyance from Herman to his sister, *Paulina,* Herman was entirely solvent, did not convey all of his property, and that the property described in the mortgage was of ample value to satisfy the same; that there was no fraudulent intent, and that there was a valuable consideration for the conveyance.

The court found that the conveyance from Herman to *Paulina* was without consideration and made for the purpose and with the intention of injuring, hindering, delaying, and defrauding the creditors of Herman, particularly the plaintiff in this action.

Sec. 2323, Stats., makes the question of fraudulent intent, in cases such as this, one of fact and not of law. There is nothing to indicate that the trial court did not apply the correct rules of law in arriving at the conclusion which he did upon the facts; therefore the findings must stand as verities unless this court can say upon the evidence that they are clearly wrong. We have carefully examined the evidence and

cannot disturb the findings. A detailed discussion of the facts would serve no useful purpose.

Appellant contends that the judgment is unconscionable for the reason that the trial court found that at the time of the foreclosure the property described in the mortgage was of sufficient value to satisfy the mortgage together with all taxes chargeable against the property. There is no evidence in this case of any overreaching by the plaintiff, and nothing to show that the defendants or either of them were in any way misled by the plaintiff. The obligation to pay and discharge the mortgage was that of the defendant Herman, and if the property described therein was of sufficient value to discharge the mortgage it was his duty to see that it was so applied, and in the absence of any evidence of overreaching or fraud on the part of plaintiff we think the claim that the judgment was unconscionable is without merit.

*By the Court.*—Judgment affirmed.